IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01269-AP

WILDEARTH GUARDIANS,

    Petitioner,

v.

S.M.R. JEWELL, in her official capacity as
Secretary of the United States Department of the Interior,

    Respondent.

___

ORDER GRANTING MOTION TO DISMISS, DOC. 35
___

Kane, J.

For the reasons stated below, I GRANT WildEarth Guardians' ("WEG") Motion to Dismiss, Doc. 35. [1]

INTRODUCTION

The Endangered Species Act ("ESA") requires the United States Fish and Wildlife Service (the "Service") to maintain a list of threatened and endangered species, and further allows any interested person to petition for changes to this list. Upon receipt of such a petition, the Service must determine whether the petition "presents substantial scientific or commercial information" indicating that the proposed change may be warranted. 16 U.S.C. § 1533(b)(3)(A). In 2007, WEG filed a petition asking the Service to list 206 distinct species under the ESA on the basis of information in the internet database NatureServe, which the petition incorporated by reference.

---

[1] Although ultimately lacking jurisdiction to hear this action for lack of standing, I have jurisdiction to rule on the motion to dismiss per 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (U.S. as a defendant), 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief), 16 U.S.C. § 2540(c) and (g) (action arising under the ESA and citizen suit provision) , 5 U.S.C. §§ 701-706 (Administrative Procedure Act), and 28 U.S.C. § 2412 *et seq.* (Equal Access to Justice Act).  Venue is proper in this judicial district per § U.S.C. 1540(g)(3)(A) and 28 U.S.C. § 1391(e) as the U.S. Fish and Wildlife Service, the agency responsible for making the finding challenged in WEG's petition, maintains an office in Lakewood, Colorado and WEG maintains an office in Denver, Colorado.

After reviewing the resources available on NatureServe, the Service made an initial determination that, for 165 of the species at issue, the petition did not present substantial scientific or commercial information indicating that listing the species may be warranted. 74 Fed. Reg. 6122 (Feb. 5, 2009). WEG brings the instant to suit to challenge the "negative" finding for *Stagnicola elrodi*, a mollusk also known as the Flathead pondsnail ("pondsnail)".

I lack jurisdiction hear WEG's challenge, however, because WEG lacks standing. There is no evidence that the action is a "Case" or "Controversy" of the type necessary for me to exercise jurisdiction under Article III of the United States Constitution. U.S. Const. art. III, § 2, cl. 1. Because WEG lacks any concrete stake in the outcome of its petition to list the pondsnail as "threatened" or "endangered" under the ESA, I must dismiss WEG's complaint.

## STANDARD

To establish standing, a plaintiff must show that: (1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 181 (2000); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)). The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 557 (1992).

An organization has standing to sue on behalf of its members if "its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Laidlaw*, 523 U.S. at 181. "[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v.*

*Earth Island Inst.*, 555 U.S. 488, 497 (2009).  Standing is determined based on the facts as of the time the complaint was filed. *Tandy*, 380 F.3d at 1284.

In evaluating standing from a motion to dismiss perspective, I must accept all allegations as true and construe the complaint in favor of the complaining party.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  I "also must construe the statements made in the affidavits in the light most favorable to the petitioner." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1089 (10th Cir.2006) (en banc) (internal quotation marks omitted).

## DISCUSSION

I begin with the threshold issue of whether WEG's lone declarant Juniper Davis is a member of WEG or was a member at the time WEG filed its complaint.  Neither WEG nor Ms. Davis has spoken about this issue and there has been no other evidence from which I might ascertain Ms. Davis's membership status. Because there is no demonstration of representational standing for WEG and because Ms. Davis is not herself a named plaintiff, WEG has not met its burden of establishing standing.

Assuming Ms. Davis was a member of WEG at the time it filed its complaint, WEG has regardless failed to demonstrate why it has standing to bring its complaint under the requirements of Article III because it has not shown redressability.  WEG's theory that vacating the negative 90-day finding will result in a critical habitat designation "allow[ing] Flathead Lake to return to it's [sic] original ogliothropic state, " Doc. 36 at 11, is too attenuated to satisfy the requirement that "it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested." *Tandy*, 380 F.3d at 1283.  Critical habitats are not automatically designated when a species is listed.  In fact, as of April 1, 2011, of the 1,372  species, subspecies, and distinct vertebrate populations listed as threatened or endangered under the ESA,  only 604 critical habitats

have been designated. U.S. Fish and Wildlife Service, *Critical Habitat What Is It?* (2011) *available at* http://www.fws.gov/endangered/esa-library/pdf/cirtical_habitat.pdf. Furthermore, there is no indication that the designated critical habitat would include those portions of Flathead Lake where Ms. Davis recreates.[2] Ms. Davis does not aver that she has ever seen a Flathead pondsnail; there are no allegations that the pondsnail's habitat overlaps with where Ms. Davis recreates. As the Supreme Court has noted, "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). *See also WildEarth Guardians v. Pub. Serv. Co. of Colorado*, 690 F.3d 1174, 1182 (10th Cir. 2012) ("A showing that the relief requested might redress the plaintiff's injuries is generally insufficient to satisfy the redressability requirement.").

## CONCLUSION

Because neither WEG nor Ms. Davis has alleged any fact concerning Ms. Davis's membership in WEG and because WEG has not demonstrated that the relief it seeks is likely to redress Ms. Davis's alleged injury, I GRANT Respondent's Motion to Dismiss, Doc. 35.

Dated this 11th day of December, 2013.

BY THE COURT:

*s/John L. Kane*
John L. Kane, Senior Judge
United States District Court

---

[2] According to the Montana Fish, Wildlife and Parks Department, Flathead Lake is 125,000 acres large and is the largest freshwater lake west of the Mississippi. Montana Fish, Wildlife and Parks Department, *Welcome to FWP Region 1* (Dec. 9th, 2013), http://fwp.mt.gov/regions/r1/.